846 So.2d 55 (2003)
STATE of Louisiana
v.
Emile PIERCE.
No. 02-KA-1267.
Court of Appeal of Louisiana, Fifth Circuit.
April 8, 2003.
*56 Jane L. Beebe, Gretna, LA, for Appellant.
Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Assistant District Attorney, Gretna, LA, for Appellee.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY and CLARENCE E. McMANUS.
JAMES L. CANNELLA, Judge.
Defendant, Emile Pierce, appeals from his conviction of armed robbery and his enhanced sentence, as a third offender, to life in prison at hard labor, without benefit of parole, probation or suspension of sentence. For the reasons which follow, the conviction, finding as a third felony offender and enhanced sentence are affirmed and the case is remanded.
The Jefferson Parish District Attorney filed a bill of information charging the Defendant with armed robbery, a violation of La. R.S. 14:64. The Defendant pled not guilty at arraignment, but later withdrew the plea and entered a plea of not guilty and not guilty by reason of insanity. The Defendant also requested the appointment of a sanity commission in connection with his plea. The trial judge granted the request. The Defendant also filed a motion to represent himself, which the trial judge granted, and an attorney was appointed as co-counsel to assist him. After hearing, the trial judge denied the Defendant's motions to suppress the evidence and statement. Because the State withdrew the identification, the motion to suppress the identification became moot.
Before trial on October 16, 2001, the State moved to strike any reference to an insanity defense and the Defendant agreed, based on the physician's report. The case proceeded to trial.
*57 At trial, the following facts came out. At approximately 8:00 a.m. on July 21, 1999, the Defendant robbed Joan Hargis in the parking lot near the New Horizons Computer Center on Veterans Boulevard. She testified that she was going to a morning class at the computer center and was standing next to her car gathering her belongings, when the Defendant approached her. The Defendant addressed Ms. Hargis, but she did not hear what he said. Ms. Hargis said, "Excuse me?" to which the Defendant replied, "Give me your purse." Ms. Hargis testified that she thought the Defendant was kidding, but then she saw that he had a knife in his hand. The Defendant thrust the knife toward her and said, "Don't do anything crazy, lady, give me your purse." While still holding the knife, the Defendant grabbed Ms. Hargis' purse and ran toward a grey car. As the Defendant fled, Ms. Hargis yelled for the Defendant to "at least leave [her] license." The Defendant leaped into the passenger's side of the car and someone else drove the car away. The police were called and Deputy Louis Munsch of the Jefferson Parish Sheriff's Office (JPSO) responded. Ms. Hargis gave Deputy Munsch the license plate number of the get-away-car and provided a description of the robber.
There were two other witnesses in the parking lot, Anita Hamilton and Fred Jensen, who both testified at trial. Ms. Hamilton testified that she saw the Defendant approach Ms. Hargis as she exited her car. She initially believed that the Defendant and Ms. Hargis were engaged in a domestic disturbance, because they were "arguing." However, Ms. Hamilton then saw the Defendant "rip" the purse from Ms. Hargis and get into a car. Ms. Hamilton said that she saw "something" in the Defendant's hand, but she was not sure what the object was.
Mr. Jensen, called as a defense witness, testified that he did not see a weapon, that Ms. Hargis was scared and did not want to release her purse. According to Mr. Jensen, the Defendant "was holding something up to her" and was "threatening her," but he did not see what the object was.
Through a computer check, Deputy Munsch learned that the get-away car was registered to Emile and Tonya Pierce. About an hour after the robbery, Detective Willie Jones of the JPSO arrived and Deputy Munsch informed him of the morning's events. Detective Jones testified that he went to several of the Defendant's last known addresses, but failed to locate the Defendant. In the early morning hours of the next day, July 22, 1999, the police ultimately tracked the Defendant to a motel in West Baton Rouge Parish. Before traveling to Baton Rouge, Detective Jones had obtained a warrant for the Defendant's arrest. After the Defendant was advised of his rights, he consented to a search of his motel room and car, which was parked at the motel. Nothing was recovered from the car. A purse matching the description of Ms. Hargis' purse was found in the hotel room.
The Defendant was interviewed at the West Baton Rouge Parish Sheriff's Office where he gave a statement to Detective Jones. In the statement, which was recorded and transcribed, the Defendant acknowledged that he had been advised of his rights and that he wished to waive those rights. The Defendant told Detective Jones that he had robbed Ms. Hargis, but denied that he was armed with a knife. The Defendant said that the driver of the car was not his wife, but a woman whom he had met a few hours before the robbery. Both the transcript of the statement and the tape were admitted into evidence *58 at trial and the recorded statement was played for the jury.
At trial, the Defendant testified that on February 2, 1999 he was paroled from Angola State Penitentiary (Angola) after serving nine years for an armed robbery conviction. The Defendant admitted that he had robbed Ms. Hargis on July 21, 1999, but said that he was not armed. Further, he said that he had committed the robbery under the influence of cocaine. According to the Defendant, he was out all night preceding the robbery and he had spent all of his money. The Defendant said that he did not threaten Ms. Hargis or even touch her, but just grabbed her purse. After the robbery, he dropped off his female companion and bought gas with one of Ms. Hargis' credit cards. Later that day, he told his wife he had done "something stupid" and he went to obtain more drugs.
At trial, Defendant acknowledged making the statement and said that he honestly answered the questions. The Defendant admitted that, on April 17, 1990, he pled guilty to two counts of armed robbery and one count of attempted armed robbery. The Defendant also admitted that he pled guilty to simple escape from prison. However, the Defendant testified that he developed a conscience after spending time at Angola and was a "changed man" when he was released from Angola.
Part of the Defendant's theory of the case was that the district attorney's office had inflated the charge to armed robbery because of his past criminal history. To this end, the Defendant called Peter Post, an inmate at Angola, who said that he had been classified as a "Code Six" career criminal when he was 17 years old even though he had no prior convictions. After Mr. Post's cross-examination, the State introduced certified copies of his prior convictions for simple burglary and armed robbery. Mr. Post stated, however, that he did not believe he had any prior convictions since appeals were pending.
In rebuttal, the State presented the testimony of Lieutenant Bruce Sanders of the JPSO who explained that an offender is considered to be a career criminal after five felony arrests and/or two felony convictions.
Following trial, the jury found the Defendant guilty as charged. Prior to sentencing, the Defendant filed motions for a new trial and for post-verdict judgment of acquittal, which the trial judge denied. Thereafter, the trial judge sentenced the Defendant to imprisonment at hard labor for 50 years. The Defendant made an oral motion to reconsider sentence, which the trial judge denied. Immediately thereafter, the Defendant filed a motion for appeal, which the trial judge granted.
The same day, the State filed a habitual offender bill of information against the Defendant, alleging that he was a third felony offender, which the Defendant denied. The Defendant filed a motion to quash which was denied. After the hearing on May 14, 2002, the trial judge found the Defendant to be a third felony offender, as alleged. On May 23, 2002, the trial judge vacated the original sentence and sentenced the Defendant to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence. It is from this conviction and enhanced sentence that the Defendant appeals. On appeal, the Defendant assigns only one error.
In his sole assignment of error, the Defendant argues that the evidence was insufficient to support his conviction for the offense of armed robbery. More particularly, the Defendant argues that the evidence was insufficient, by the victim's testimony alone, to prove that he was *59 armed with a dangerous weapon, to wit, a knife. We disagree.
The constitutional standard for testing the sufficiency of the evidence, as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Juluke, 98-0341 (La.1/8/99), 725 So.2d 1291; State v. Williams, 99-223 (La.App. 5th Cir.6/30/99), 742 So.2d 604.
The Defendant was convicted of one count of armed robbery, which is defined in La. R.S. 14:64(A) as follows:
Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
This Court has recognized that the production of a weapon is not necessary in an armed robbery prosecution where the State's witnesses can establish, through their observations at the crime scene, all the elements of the offense beyond a reasonable doubt, including the existence and use of a dangerous weapon. See, State v. Cotton, 94-384 (La.App. 5th Cir.11/16/94) 646 So.2d 1144, 1146.
At trial, Ms. Hargis testified that the Defendant held a knife when he demanded that she surrender her purse to him. Further Ms. Hargis acknowledged that she believed that the Defendant used force or intimidation when he took her purse. According to Ms. Hargis, the Defendant "pushed the knife out" with his left hand and "snatched" her purse with his right hand. Ms. Hargis specifically testified that she saw the blade of the knife and that she was scared.
Ms. Hamilton's testimony corroborates Ms. Hargis' testimony with regard to the manner in which the Defendant took the purse, although she testified that the Defendant had something in his left hand, but that she could not see what it was. Further, Ms. Hamilton testified that the Defendant clutched the purse in his right hand while he ran to the car with the purse. Even Mr. Jensen, called as a defense witness, testified that he thought he saw a knife, but he was not sure. However, Mr. Jensen saw the Defendant's hand "sticking out" and the victim appeared to be "threatened."
The Defendant admitted that he took Ms. Hargis' purse, but denied that he threatened her or that he was armed with a knife. Also, the Defendant said that he grabbed Ms. Hargis' purse with both hands.
In this case, the jury was presented with conflicting testimony regarding whether the Defendant was armed with a knife. After considering all of the testimony and evaluating the credibility of the witnesses, the jury chose to believe the testimony of Ms. Hargis that the Defendant had a knife when he took her purse. In the absence of internal contradiction or irreconcilable conflicts with physical evidence, the testimony of one witness, if believed by the trier of fact, is sufficient to support a conviction. State v. Johnson, 00-1552 (La.App. 5th Cir.3/28/01) 783 So.2d 520, 527, writ denied, 01-1190 (La.3/22/02), 811 So.2d 921. "The trier of fact makes credibility determinations and may, within the bounds of rationality, accept or reject the testimony of any witness." State v. Deruise, 98-0541 (La.4/3/01), 802 So.2d 1224, 1243, cert. denied, 534 U.S. 926, 122 S.Ct. 283, 151 L.Ed.2d 208 (2001). It is not the function of the appellate court to assess credibility *60 or reweigh the evidence. State v. Hotoph, 99-243 (La.App. 5th Cir.11/10/99), 750 So.2d 1036, 1045, writs denied, 99-3477 (La.6/30/00), 765 So.2d 1062, and 00-0150 (La.6/30/00), 765 So.2d 1066.
Under the circumstances, we find that a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found beyond a reasonable doubt that the Defendant robbed Ms. Hargis while he was armed with a knife. This assignment of error has no merit.
The record was reviewed for errors patent. La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir. 1990).
The transcript of the enhanced sentencing reflects that the trial judge failed to completely advise the Defendant of the prescriptive period for filing post-conviction relief, in accord with La.C.Cr.P. art. 930.8, as required. In cases such as this, we remand the case to the district court with instructions to send appropriate written notice to the Defendant of the correct statement of the law regarding the prescriptive period for post conviction relief and to file written proof in the record that the Defendant received the notice. State v. Hines, 02-397 (La.App. 5th Cir.9/30/02), 829 So.2d 530, 540.
We found no other errors.
Accordingly, for the reasons set out above, the Defendant's conviction for armed robbery, the finding that he is a third felony offender and his enhanced sentence to life in prison at hard labor, without benefit of parole, probation or suspension of sentence, are affirmed. The case is remanded to the district court to provide proof in the record of the Defendant's receipt of appropriate notice of the prescriptive period for post conviction relief, under La.C.Cr.P. art. 930.8.
CONVICTION, FINDING AS A THIRD FELONY OFFENDER AND SENTENCE AFFIRMED; CASE REMANDED.