The state has made some salient points in its rehearing application, which I echo. First, the legislature rejected a role for the judiciary to change a sentence after imposition that was lawful when imposed. Comment (a) to La. C.Cr.P. art. 881 (titled "Amendment of Sentence") cautions that "a legal sentence may only be changed, either to increase or decrease it, prior to the beginning of execution of the sentence" and further admonishes that to allow otherwise "would virtually constitute the judge a 'one man pardon board .' "[1] (Emphasis added.)
The majority's opinion has effectively made each trial court judge a "one man pardon board," contrary to constitutional provisions that vest the executive, not the judiciary, with commutation authority. State ex rel. Esteen v. State , 16-0949, p. 4 (La. 1/30/18), 239 So.3d 233, 2018 WL 618429. The majority's opinion also ignores La. C.Cr.P. art. 881, which prohibits the judiciary from modifying sentences once execution of the sentence begins, and writes out of La. R.S. 15:308 the committee on parole, which is designed to evaluate prisoners prior to release on a case-by-case basis. See La. R.S. 15:308(C). The majority's decision assumes authority neither constitutionally nor statutorily granted to the judiciary. This authority is specifically withheld from the judiciary. The "traditional, inherent and exclusive" authority of the judiciary[2] to impose sentences within the range established by the legislature is limited to initial sentencing. Once execution of the sentence begins, the judiciary's authority to alter the sentence is both constitutionally and statutorily limited.
Second, and relatedly, when the legislature initially considered enacting La. R.S. 15:308 to provide for retroactive application of certain ameliorative penalty provisions, the procedure to modify sentences called for a motion filed in the sentencing court. See Senate Bill No. 126, § 1, Original, 2006 Regular Session. However, the legislature did not enact the statute with that court procedure; instead, the legislature amended the proposed statute to require modification of sentences to be sought from the Risk Review Panel. See 2006 La. Acts 45, § 1. Because the legislature *267 considered, but ultimately rejected, having a court procedure for implementing ameliorative sentences, the legislature consciously decided the judiciary should have no role.[3] When the legislature removed the reference to the judiciary, it recognized what the majority opinion does not-it is the executive and not the judiciary that has commutation authority.
This court has previously and long-recognized that separation of powers principles prevent the judiciary from modifying sentences that were lawful when imposed. See State v. Dick , 06-2223, pp. 13-14 (La. 1/26/07), 951 So.2d 124, 132-33, abrogated by State ex rel. Esteen , 16-0949 at 4, 239 So.3d at 236 ; see also State v. LeCompte , 406 So.2d 1300, 1307 (La.1981) (noting the constitution's "exclusive grant to the governor of the power to reduce or commute sentences after the execution of the sentence begins.").[4] The power to make such modifications to sentences has long been constitutionally reserved to the executive branch. See State ex rel. Francis v. Resweber , 212 La. 143, 151, 31 So.2d 697, 699 (1947) (noting under the Constitution of 1921 that "[t]he only authority to grant a pardon or to commute a sentence is vested in the Governor."). The legislature recognized these principles as well, by rejecting a judicial role in La. R.S. 15:308 and by rejecting a judicial role in modifying lawful sentences once imposed. See La. C.Cr.P. art. 881, Comment (a).
In conclusion, I would grant the state's application and vote to restore these important constitutional principles to their proper order by excluding a role for the judiciary in revisiting sentences that were lawful when imposed. While any effort to reduce incarceration rates and improve public safety should be considered, the systematic, statutory approach enacted by the legislature and signed into law by the governor, and the procedures embodied in the constitution, cannot be usurped by the judiciary.

Interesting is the fact that these comments are taken from a questionnaire addressed to the Louisiana District Judges Association in 1964. At that time, the judges voted "unanimously in favor of retaining the rule that does not permit any change in a legal sentence after the defendant has begun to serve the sentence." See La. C.Cr.P. art. 881, 1966 Official Revision Comment (a)(summarizing and quoting from reasons underlying the district judges' vote. The judges also expressed concern about "continuous harassment by the defendant's relatives, friends, and attorneys" if sentences could be modified.). The majority opinion (State ex rel. Esteen v. State , 16-0949, p. 4 (La. 1/30/18), 239 So.3d 233, 2018 WL 618429 ) effectively makes a legally imposed sentence, retroactively illegal without adequately evaluating all the relevant statutory provisions, their history, and the stated rationales behind the provisions.

See State v. Rome , 96-0991, p. 3 (La. 7/1/97), 696 So.2d 976, 978.

See State v. Dick , 06-2223, pp. 10-11 (La. 1/26/07), 951 So.2d 124, 131, abrogated by State ex rel. Esteen , 16-0949 at 4, 239 So.3d at 236 :
The bill, as originally introduced, clearly provided for persons to whom paragraph B's provisions apply to have two years from August 15, 2006 "to file a motion in the sentencing court for amendment, modification, or reconsideration of his sentence." Senate Bill No. 126, Original, 2006 Regular Session. The legislature clearly evidenced its intent with its change to paragraph C, which, as enacted, mandates these persons are entitled to apply to the Louisiana Risk Review Panel ....
Subsequent changes to this legislation also did not result in a role for the judiciary, but instead provided for review by the committee on parole. See 2014 La. Acts 340, § 1.

Until the majority opinion at issue here, this court apparently has not deviated from this separation of powers principle. The one case cited in a separate concurrence to the majority opinion for the proposition that courts are empowered to alter sentences is State v. Mayeux , 01-3195, (La. 6/21/02), 820 So.2d 526. State ex rel. Esteen , 16-0949 at 2, 239 So.2d at 235 (Johnson, C.J., concurring). However, Mayeux is distinguishable because this court responded to the legislature's alteration of a DWI sentencing scheme that expressly described penalties "upon conviction," and this court thus ruled that such direction was an exception to the general rule that a sentence be imposed under the penalties effective at the time of the commission of the offense. Mayeux , 820 So.2d at 530-31. The very same day this court issued the Mayeux opinion, it issued State v. Sugasti , 01-3407, p. 7 (La. 6/21/02), 820 So.2d 518, 522, which affirmed the general rule of applying "the penalty provisions that apply as of the date of the offense." More to the point, however, Mayeux did not purport to claim for the judiciary the power to change a penalty after lawful sentencing.