STATE OF LOUISIANA

VERSUS

THADDEUS JOHNSON

NO. 19-KA-63

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 99-6773, DIVISION "M"
HONORABLE HENRY G. SULLIVAN, JR., JUDGE PRESIDING


September 04, 2019


**JOHN J. MOLAISON, JR.**
**JUDGE**


Panel composed of Judges Marc E. Johnson,
John J. Molaison, Jr., and Robert M. Murphy, Ad Hoc


**SENTENCE AFFIRMED; MATTER REMANDED FOR CORRECTION**
**OF UCO; MOTION TO WITHDRAW GRANTED**
   **JJM**
   **MEJ**
   **RMM**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
 Paul D. Connick, Jr.
 Terry M. Boudreaux

COUNSEL FOR DEFENDANT/APPELLANT,
THADDEUS JOHNSON
 Jane L. Beebe

**MOLAISON, J.**

Defendant, Thaddeus Johnson, appeals following his re-sentencing as a third-felony offender. For the reasons that follow, we affirm defendant's sentence, grant appellate counsel's motion to withdraw, and remand for correction of the Uniform Commitment Order.

## FACTS AND PROCEDURAL HISTORY

This is defendant's second appeal. In *State v. Johnson*, 01-0842 (La. App. 5 Cir. 2/13/02), 812 So.2d 106, *writ denied*, 02-1037 (La. 3/21/03), 840 So.2d 532, this Court affirmed defendant's convictions for two counts of armed robbery and enhanced life sentence as a multiple offender. Thereafter, defendant's application for post-conviction relief was denied. *State v. Johnson*, 04-496 (La. App. 5 Cir. 5/5/04) (unpublished writ disposition), *State ex rel Johnson v. State*, 04-1491 (La. 4/8/05), 899 So.2d 3. On July 27, 2018, defendant filed a *pro se* Motion and Order to Correct Illegal Sentence and Request for Resentencing Hearing in which he argued that his life sentence without benefits as a third-felony offender was illegal in light of *State ex rel. Esteen v. State*, 16-0949 (La. 1/30/18), 239 So.3d 233, *rehearing denied*, 16-0949 (La. 3/13/18), 239 So.3d 266, and the more lenient provisions enacted by Act No. 403 of the 2001 Regular Legislative Session and Act No. 45 of the 2006 First Extraordinary Legislative Session. On August 9, 2018, the State filed a response to defendant's motion, conceding that he was entitled to resentencing under the ameliorative changes in Act No. 403 under the holding of *Esteen* and that defendant's now illegal sentence, imposed pursuant to the then-existing version of La. R.S. 15:529.1(A)(1)(b)(ii)—which at the time mandated a sentence of life imprisonment for a third-felony offender—should be corrected. The State affirmed that defendant was therefore entitled to resentencing to a term not less than 66 years of imprisonment and not more than 198 years of imprisonment.

On October 11, 2018, the trial court vacated defendant's life sentence and resentenced him to serve 66 years at hard labor without the benefit of parole, probation, or suspension of sentence. On November 13, 2018, defendant filed a *pro se* written motion for appeal that was granted on November 28, 2018. The instant appeal followed.

## LAW AND DISCUSSION

### *Anders Brief*

Under the procedure adopted by this Court, appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal.[1] Accordingly, pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241 (*per curiam*), appointed counsel has filed a motion to withdraw as counsel of record.

In *Anders, supra* the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds the defendant's case to be wholly frivolous after a conscientious examination of it.[2] The request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." *McCoy v. Court of Appeals of*

---

[1] In *State v. Bradford*, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11, this Court adopted the procedures outlined in *State v. Benjamin*, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in *State v Mouton*, 95-0981, pp. 1-2 (La. 4/28/95), 653 So.2d 1176, 1177 (*per curiam*).

[2] The United States Supreme Court reiterated *Anders* in *Smith v. Robbins*, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

*Wisconsin*, *Dist. 1*, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (internal citations omitted).

In *State v. Jyles*, 704 So.2d at 241, the Louisiana Supreme Court stated that an *Anders* brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Supreme Court explained that an *Anders* brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Id.*

When conducting a review for compliance with *Anders*, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. *Bradford*, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute counsel for the appellant. *Id.*

Defendant's appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Counsel asserts that defendant's *pro se* motion to correct illegal sentence was correctly granted based on *State ex rel. Esteen v. State*, *supra*, and defendant was resentenced to the minimum sentence of 66 years of imprisonment as a third-felony offender. Counsel notes that defendant acknowledged in his *pro se* motion that the sentencing range he now faced was 66 to 198 years of imprisonment. She further notes that since

2001, the Louisiana Legislature has "revamped" La. R.S. 15:529.1 to reduce the penalties for non-violent offenders, and La. R.S. 15:308(B) and *Esteen, supra* are reflections of this. She concedes that defendant's multiple offender sentence is not subject to any reduction based on the 2017 ameliorative changes to the law. Appellate counsel has filed a motion to withdraw as attorney of record which states she has made a conscientious and thorough review of the record and can find no non-frivolous issues to raise on appeal. She stated that she had advised defendant of his right to file a *pro se* brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an *Anders* brief had been filed and that he had until April 18, 2019, to file a *pro se* supplemental brief. Defendant did not file a *pro se* supplemental brief.

The State responds that appellate counsel correctly notes that this case presents no non-frivolous issues for appellate review, and the motion to withdraw should be granted. It notes that defendant was resentenced to a term of imprisonment of sixty-six years, the minimum allowed by law as a third-felony offender, and the "revamping" of La. R.S. 15:529.1 does not provide defendant any further remedies.

An independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.

It is first noted that in this second appeal, defendant may only seek review of issues related to his multiple offender resentencing. *See, State v. Torres*, 05-260 (La. App. 5 Cir. 11/29/05), 919 So.2d 730, 733, *writ denied*, 06-0697 (La. 10/6/06), 938 So.2d 65.

The record reflects that defendant appeared at his resentencing hearing held on October 11, 2018. At that time, the trial court determined that defendant was entitled to be resentenced under Act No. 403 of 2001. It informed defendant that pursuant to statutory provisions of Act No. 403, he faced a minimum sentence of

66 years and a maximum sentence of 198 years. The trial court advised defendant that he would be imprisoned without parole. The trial court then vacated defendant's "life sentence handed down to him in this matter" and resentenced him to the minimum sentence of sixty-six years at hard labor without the benefit of parole, probation, or suspension of sentence to run "[a]ll concurrent with each other."

Under the version of La. R.S. 15:529.1(A)(1)(b)(ii) in effect in 1999, at the time of the commission of the underlying offense of armed robbery, defendant faced a sentence of life imprisonment without benefit of parole, probation, or suspension of sentence due to his underlying conviction of armed robbery and his predicate conviction of sexual battery, both crimes of violence. Thus, defendant correctly received a life sentence without benefits at that time. However, after the 2001 amendment to the statute, defendant's sentence as a third-felony offender with his predicate convictions would have been for a determinate term not less than two-thirds of the longest possible sentence (sixty-six years) and not more than twice the longest possible sentence prescribed for a first conviction (198 years) under La. R.S. 15:529.1(A)(1)(b)(i). Defendant no longer falls under La. R.S. 15:529.1(A)(1)(b)(ii) mandating a sentence of life imprisonment without benefits. Defendant's predicate conviction for unauthorized entry of an inhabited dwelling is not punishable by imprisonment for twelve years or more and is not defined as a crime of violence in La. R.S. 14:2(B). Further, defendant committed his underlying crime, was convicted, and was sentenced on both his original and enhanced sentences prior to June 15, 2001. Therefore, defendant falls within the class of persons where retroactive application under La. R.S. 15:308(B) of the 2001 legislative changes ameliorates his circumstances. Accordingly, the trial court properly resentenced defendant as a third-felony offender to sixty-six years

imprisonment without the benefit of parole, probation, or suspension of sentence under *Esteen, supra*, and La. R.S. 15:308(B).

Because appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel's assertion, appellate counsel's motion to withdraw as attorney of is hereby granted.

## ERRORS PATENT REVIEW

This is a second appeal. Defendant is not entitled to a second error patent review of his underlying convictions and sentences. However, he is entitled to a second error patent review of his multiple offender resentencing. The record was reviewed for errors patent, according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990). The following is noted.

The record contains an amended uniform commitment order (UCO) reflecting defendant's multiple offender sentence, his original sentence on count three, and the charges on counts one and four that were dismissed. The record additionally contains a multiple offender UCO reflecting his multiple offender sentence only. The sentencing transcript reflects that defendant was resentenced to serve an enhanced sentence of sixty-six years at hard labor without the benefit of parole, probation, or suspension of sentence. The transcript prevails. *See State v. Lynch*, 441 So.2d 732, 734 (La. 1983).

Here, the amended UCO incorrectly reflects that defendant's enhanced sentence on count two is to be served without benefit of probation or suspension of sentence. The multiple offender UCO also incorrectly reflects that the enhanced sentence on count two was to be served without the benefit of probation or suspension of sentence. Further, it is noted that the sentencing minute entry does

not reflect any restrictions of benefits regarding defendant's enhanced sentence. Additionally, the amended UCO incorrectly reflects the disposition date of counts one, three, and four as April 4, 2001, which is the date that defendant was previously adjudicated as a multiple offender. Counts one and four were dismissed by the State on February 12, 2001. Defendant was convicted on count three on February 6, 2001. Therefore, we remand this matter to the trial court with instructions for it to correct the inconsistencies in the sentencing minute entry and the UCOs to conform with the transcript. We further direct the Clerk of Court for the 24th Judicial District Court to transmit the original of the UCOs to the appropriate authorities and the Department of Corrections' legal department. *State v. Long*, 12-184 (La. App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142 (citing La. C.Cr.P. art. 892(B)(2)).

**DECREE**

For the foregoing reasons, defendant's sentence is affirmed. We remand this matter to the trial court for the limited purpose of correcting the Uniform Commitment Order and for the 24th Judicial District Court Clerk of Court to transmit the corrected UCO to the appropriate authorities in accordance with La. C.C.P. art. 892(B)(2) and to the Department of Corrections' legal department. The motion to withdraw as counsel for defendant is hereby granted.

**<u>SENTENCE AFFIRMED; MATTER REMANDED FOR CORRECTION OF UCO; MOTION TO WITHDRAW GRANTED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

MARY E. LEGNON
INTERIM CLERK OF COURT

CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **SEPTEMBER 4, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

_____
**MARY E. LEGNON**
INTERIM CLERK OF COURT

# 19-KA-63

## E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE HENRY G. SULLIVAN, JR. (DISTRICT JUDGE)
TERRY M. BOUDREAUX (APPELLEE)          THOMAS J. BUTLER (APPELLEE)

## MAILED

JANE L. BEEBE (APPELLANT)                    HON. PAUL D. CONNICK, JR. (APPELLEE)
ATTORNEY AT LAW                              DISTRICT ATTORNEY
LOUISIANA APPELLATE PROJECT                  TWENTY-FOURTH JUDICIAL DISTRICT
POST OFFICE BOX 6351                         200 DERBIGNY STREET
NEW ORLEANS, LA 70174-6351                   GRETNA, LA 70053