STATE OF LOUISIANA

VERSUS

EMILE PIERCE

NO. 22-KA-154

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 99-5283, DIVISION "H"
HONORABLE DONALD L. FORET, JUDGE PRESIDING


August 01, 2022


**SUSAN M. CHEHARDY**
**CHIEF JUDGE**


Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois


<u>**SENTENCE VACATED; REMANDED WITH INSTRUCTIONS**</u>
**SMC**
**JGG**

<u>**CONCURS WITH REASONS**</u>
**FHW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
STATE OF LOUISIANA
 Honorable Paul D. Connick, Jr.
 Thomas J. Butler
 Darren A. Allemand

COUNSEL FOR DEFENDANT/APPELLEE,
EMILE PIERCE
 Ashwini Velchamy
 Shanita Farris

**CHEHARDY, C.J.**

The State of Louisiana has appealed the district court's March 8, 2022 resentencing of defendant, Emile Piece, a third-felony offender, under *State v. Dorthey*, 623 So.2d 1276 (La. 1993). For the following reasons, we vacate the district court's March 8, 2022 sentence and remand the matter for resentencing.

*Facts and Procedural History*

On October 17, 2001, a jury convicted defendant, Emile Pierce, of armed robbery, a violation of La. R.S. 14:64, which he committed on July 21, 1999. On November 5, 2001, defendant was sentenced to fifty years imprisonment. On May 23, 2002, after the State filed a multiple bill and the district court found defendant to be a third-felony offender, the district court vacated his original fifty-year sentence and resentenced him pursuant to La. R.S. 15:529.1(A)(1)(b)(ii) to mandatory life imprisonment without parole. Defendant appealed, and on April 8, 2003, this Court affirmed his conviction and sentence. *State v. Pierce*, 02-1267 (La. App. 5 Cir. 4/8/03), 846 So.2d 55. Defendant did not seek rehearing with this Court and did not seek writs with the Louisiana Supreme Court in his direct appeal. Defendant later unsuccessfully sought post-conviction relief.

After the Louisiana Supreme Court decided *State ex rel. Esteen v. State*, 16-0949 (La. 1/30/18), 239 So.3d 233, *rehearing denied*, 16-0949 (La. 3/13/18), 239 So.3d 266, thereby abrogating *State v. Dick*, 06-2223 (La. 1/26/07), 951 So.2d 124, defendant filed a *pro se* motion to correct illegal sentence thereunder in the district court. In his motion, defendant argued that he was entitled to be resentenced under the more lenient penalty provisions enacted by 2001 La. Acts. 403,[1] which reduced

---

[1] In 2001, the legislature reduced the penalties for a variety of offenses formerly carrying life sentences and third and fourth felony offender mandatory life penalties. *See* 2001 La. Acts 403 (eff. June 15, 2001). Act 403 § 6 provided that the amendment "shall only have prospective effect." Despite the general rule that ameliorative legislation is to be applied prospectively, the legislature subsequently enacted La. R.S. 15:308 by 2006 La. Acts 45, which provided for retroactive application.

the sentencing range for a third-felony offender under certain circumstances. Specifically, defendant argued that because the second predicate offense used by the State to adjudicate him a third-felony offender was for "simple escape," a non-violent offense, his life sentence must "be deemed rendered 'retroactively excessive and illegal' pursuant to the Act No. 403 Louisiana Legislature 2001 Regular Session mandatory ameliorative sentencing guidelines, that dictate a La. R.S. 15:529.1(A)(1)(b)(ii) multi-bill 'life sentence'" can only be prescribed to an offender whose underlying felony conviction and *both* predicate felony convictions are defined as crimes of violence under La. R.S. 14:2(B).[2] In essence, defendant argued that, applying *Esteen* and the ameliorative sentencing guidelines in 2001 La. Acts No. 403, under La. R.S. 15:529.1, he was no longer a "triple mandatory lifer," but rather, was an "ordinary triple offender," and entitled to be resentenced accordingly.

The State responded to the motion and conceded that defendant was entitled to resentencing under the ameliorative changes to the law enacted by 2001 La. Acts No. 403. In particular, the State posited that under *Esteen* and La. R.S. 15:308, defendant was entitled to be resentenced to not less than 66 years imprisonment without parole and to not more than 198 years imprisonment without parole as a third-felony offender pursuant to Act. No. 403 of 2001,[3] but was not

---

[2]     La. R.S. 14:2(B) enumerates the offenses that are included as "crimes of violence." The offense of armed robbery is included as a crime of violence; simple escape is not.

[3]     Pursuant to Act. No. 403 of 2001, if only one of the two prior felonies was defined as a crime of violence, under La. R.S. 529.1(A)(1)(b)(i), if the third felony was such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, the "person shall be sentenced to imprisonment for a **determinate term** not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction." [Emphasis supplied.] In 2017, La. R.S. 529.1(A)(1)(b)(i), renumbered in 2010 as La. R.S. 529.1(A)(3)(a), was amended by 2017 La. Acts No. 282, which reduced the sentencing from "two-thirds" to "one half" of the longest possible sentence for the conviction. Defendant's third felony conviction was for armed robbery, a violation of La. R.S. 14:64. At the time of his offense, July 21, 1999, La. R.S. 14:64(B) provided that, "[w]hoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence."

entitled to the application of any other, more recent changes to La. R.S. 15:529.1.[4] Defendant filed an objection to the State's response.

Defendant then retained counsel, who sought to have defendant resentenced under *State v. Dorthey*, 623 So.2d 1276 (La. 1993) and its progeny. A resentencing hearing was held in the district court on March 8, 2002. At the hearing, the State reiterated defendant's history of violence, *i.e.*, defendant's instant crime being an armed robbery committed against a female victim with a knife, and the fact that he had two prior armed robbery convictions and a prior attempted armed robbery conviction, wherein defendant was armed with a firearm.

At the conclusion of the March 8, 2022 resentencing hearing, the district court granted the motion to correct illegal sentence and vacated defendant's earlier sentence. The district court, invoking *Dorthey*, *supra*, and its progeny, chose to deviate downward from the statutory minimum sentence set forth in La. R.S. 15:529.1 and resentenced defendant to "time served," thus ordering defendant's immediate release.[5] The State timely appealed the district court's resentencing of defendant.

---

[4]     Notwithstanding that defendant's sentencing range for a third-felony offender carries a total benefits restriction, we note that the parole provisions set forth in La. R.S. 15:574.4(A)(2) will apply to defendant. La. R.S. 15:574.4(A)(2) provides, in pertinent part:

> [A] person committed to the Department of Public Safety and Corrections for a term or terms of imprisonment with or without benefit of parole for thirty years or more *shall be eligible for parole consideration* upon serving at least twenty years of the term or terms of imprisonment in actual custody and upon reaching the age of forty-five. This provision shall not apply to a person serving a life sentence *unless the sentence has been commuted to a **fixed term of years***. The provisions of this Paragraph shall not apply to any person who has been convicted of a crime of violence as defined in R.S. 14:2(B) … when the offense was committed on or after August 1, 2014. [Emphasis supplied.]

Defendant's armed robbery offenses occurred well before 2014. Thus, whether defendant is resentenced to the mandatory minimum of 66 years without parole, or the maximum of 198 years without parole, under La. R.S. 15:574.4(A)(2), he will be "eligible for parole consideration upon serving at least twenty years of the term or terms of imprisonment in actual custody and upon reaching the age of forty-five." It appears from the record that defendant has been in actual custody for at least twenty years and is currently over the age of forty-five, and thus, would be eligible for parole consideration immediately upon being resentenced to a "fixed term of years."

[5]     At the hearing, the State objected and noted its intent to appeal the district court's resentencing of defendant. The State also requested a stay, which the district court denied. Thereafter, the State filed a motion for emergency stay in this Court, seeking a stay of the district court's release of defendant pending resolution of its appeal of the district court's resentencing of defendant to "time served" under *Dorthey*. This Court granted the stay and ordered defendant to remain in custody pending further orders of this Court.

*Analysis and Discussion*

*Errors Patent*

Pursuant to La. C.Cr.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find an error patent requiring defendant's resentencing to be vacated.

Upon review of the record in advance of addressing the State's assignments of error, we note that when the district court resentenced defendant under *Dorthey*, *supra*, to "time served," it imposed an unspecified and indeterminate sentence. The 1926 indeterminate sentence law provided that, except as to certain enumerated offenses, the sentence imposed should include both a minimum and maximum term. *See* Acts 222 of 1926; *see also State v. Cooper*, 20-00105 (La. 3/2/21), 311 So.3d 341, 342; *State v. Brown*, 19-00771 (La. 10/14/20), 302 So.3d 1109, 1110. Under this law, after serving the minimum term of his sentence, a prisoner was eligible for parole. To remedy confusion over the correct interpretation and application of this law, Article 529 of the Code of Criminal Procedure was amended in 1942 to require determinate sentences of *fixed* terms of imprisonment. *See* Acts 1942 La. Acts 46; *Cooper*, 311 So.3d at 342; *Brown*, 302 So.3d at 1110.

At present, La. C.Cr.P. art. 879 continues to require that a term of imprisonment be a "*determinate sentence*," *i.e. a fixed number of years/months/days*, by providing that "[i]f a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence." We find that the district court's resentencing of defendant is in violation of La. C.Cr.P. art. 879 and does not comport with the Supreme Court's finding in *Brown*, *supra*, in that a sentence of "time served" does not constitute the requisite "fixed term of imprisonment," and thus, is indeterminate. Consequently, our finding that the March 8, 2022 sentence is indeterminate requires this Court to

vacate the district court's judgment and remand the matter to the district court for resentencing.

## DECREE

For the foregoing reasons, we vacate the district court's March 8, 2022 resentencing of defendant to "time served," and remand the matter to the district court with instructions to resentence defendant to a fixed term of imprisonment.

**SENTENCE VACATED; REMANDED WITH INSTRUCTIONS**

STATE OF LOUISIANA                 NO. 22-KA-154

VERSUS                           FIFTH CIRCUIT

EMILE PIERCE                   COURT OF APPEAL

                                      STATE OF LOUISIANA

## J. WICKER, CONCURS WITH REASONS

While I agree that the judgment of the trial court is an indeterminate sentence which does not provide a fixed number of years as required by La. C.Cr.P. art. 879, I do find that the trial court's written reasons for judgment reflect both his intended determinate sentence of twenty-two years imprisonment and the appropriate findings required by *State v. Dorthey*, 623 So.2d 1276 (La. 1993), and its progeny to justify a deviation from the mandatory minimum sentence.

Although the legislature has provided minimum mandatory sentences for habitual offenders, the Louisiana Supreme Court recognized that courts have the power to declare a sentence constitutionally excessive under the facts of a particular case, even if it falls within the statutory limits. *Dorthey*, 623 So.2d at 1280-81. The Court later clarified what finding is necessary by the trial court:

> To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that he is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.

*State v. Johnson*, 97-906 (La. 3/4/98), 709 So.2d 672, 676.

22-KA-154                               1

In its reasons, the trial court both acknowledged the relevant authority and listed thirteen factors relating to defendant's culpability, the gravity of the offense, and the circumstances of the case which the court found would make a sentence within the statutory range to be "unconstitutionally excessive to the 'unusual circumstances' of Emile Pierce's case and make no measurable contribution to acceptable goals of punishment." Sentences must be individualized to be compatible with the particular offender, considering the factual determinations of "defendant's personal history, prior record, seriousness of offense, likelihood will commit another crime, potential for rehabilitation." *State v. Jones*, 398 So.2d 1049, 1051 (La. 1981).

The trial court found that defendant's culpability was mitigated by his parents' substance abuse and criminal convictions which resulted in an unstable childhood during which he completed only the sixth grade and developed a drug addiction by the age of fourteen. His prior convictions, upon which the multiple offender bill was based, were committed as either a juvenile or young adult. Defendant presented evidence of his rehabilitative potential, including his completion of his GED program, anger management, behavioral management, and 100 hours of pre-release classes; his learning a trade as a jeweler; the assignment of a low Tiger Risk Score; re-entry opportunity for work at his nephew's construction business; and a support system which includes his sister, who will allow him to live with her in Walker, Louisiana. The trial judge had the opportunity to observe the testimony of defendant and his witnesses in making his factual findings, which are entitled to this Court's deference.

As to the gravity of the offense, armed robbery is a serious, violent offense. The trial court did consider that defendant was sleep deprived and abusing narcotics when he committed the instant crime. While defendant

presented evidence of several mitigating factors, that his conduct did not cause injury to the victim, did not involve the use of a firearm, and was not committed against a vulnerable victim, the State failed to present any evidence that this offense implicated any of the twenty-one aggravating factors listed in La. C.Cr.P. art. 894.1. During oral argument, the State also admitted that the victim was not consulted for input prior to resentencing.

The trial court also found there were circumstances present in this case that justified departure, including that defendant took responsibility for his crime, and that defendant had represented himself in post-trial pleadings as a well-prepared and knowledgeable *pro se* litigant. Defendant also represented himself at trial, and he was convicted by a nonunanimous jury that deliberated for several hours. The trial court also considered that the State's original proposed plea bargain was twenty-five years imprisonment.

After review of the resentencing hearing, I am convinced the trial court "clearly understood" and satisfied the requirements of *State v. Dorthey* and *State v. Johnson. See State v. Abbott*, 94-106 (La. App. 4 Cir. 2/23/95), 650 So.2d 1223, 1227, *writ denied*, 95-0752 (La. 9/15/95), 660 So.2d 447. The record reflects that the sentence was imposed after "a searching inquiry into and meaningful assessment of facts and circumstances that justify the exercise of judicial discretion" with careful consideration of the defendant and facts of the case in light of defendant's family history, prior criminal conduct, and circumstances of La. C.Cr.P. art. 894.1. *See State v. Morgan*, 96-0354 (La. App. 4 Cir. 4/17/96), 673 So.2d 256, 261 (Plotkin, concurrence), *writ denied*, 97-2629 (La. 4/24/98). The Louisiana Supreme Court held that requiring a sentencing judge to resentence a defendant by articulating specific reasons why the imposed sentence is the longest sentence which is not excessive under the Louisiana

Constitution is "in keeping with the judiciary's responsibility to give as much deference as constitutionally possible to the Legislature's determination of the appropriate minimum sentence for a habitual offender." *Johnson*, 709 So.2d at 677. Therefore, upon the trial court's correction of the judgment to reflect the determinate sentence stated in its written reasons for judgment, I would affirm the trial court's finding that defendant showed by clear and convincing evidence that he was entitled to a downward departure under *State v. Dorthey*.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **AUGUST 1, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-KA-154**

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD L. FORET (DISTRICT JUDGE)
DARREN A. ALLEMAND (APPELLANT)       THOMAS J. BUTLER (APPELLANT)       ASHWINI VELCHAMY (APPELLEE)
JAMILA A. JOHNSON (APPELLEE)          SHANITA FARRIS (APPELLEE)

### MAILED
HONORABLE PAUL D. CONNICK, JR.
(APPELLANT)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053